UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELINA MCAMIS,<br>               Plaintiff(s),<br>vs.<br>OFFICER LEFEBURE, et al.,<br>               Defendant(s). | Case No. 2:15-cv-00222-RCJ-NJK<br><br>**REPORT &<br>RECOMMENDATION**<br><br>(Docket No. 1) |

      Plaintiff Angelina McAmis is proceeding in this action *pro se*, and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a Complaint.[1] *See* Docket No. 1-1. This proceeding was referred to this court by Local Rule IB 1-9.

      In Plaintiff's Application for Leave to Proceed *In Forma Pauperis*, in the portion of her affidavit to which she declares the information is true under penalty of perjury, Plaintiff states that she has $200.00 in her prison lockbox; that she makes a net salary of $17.00 per month; that she receives a gift of approximately $200.00 per month; and that she has no person dependent on her for support. Docket No. 1, at 1-2. Additionally, pursuant to 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, Plaintiff attached an inmate account statement for the past six months that shows that her average monthly deposits are $407.97. *Id.*, at 4-14. Because Plaintiff is incarcerated, she also has no housing, transportation, utilities, or regular monthly expenses.

      Pursuant to 28 U.S.C. § 1914(a) and Judicial Conference Policy, a filing fee of $350.00, along with the administrative fee of $50.00, is required to commence a civil action in federal district court. The court may authorize the commencement of an action without prepayment of fees and

---

[1] The Court notes that Plaintiff filed her complaint on the court's form civil rights complaint, pursuant to 42 U.S.C. § 1983. As the Court finds that Plaintiff does not qualify to proceed *in forma pauperis*, however, the Court has not screened her complaint.

costs or security by a person who makes affidavit that she is unable to pay such costs or give security. *See* 28 U.S.C. § 1915(a).

As noted above, Plaintiff's affidavit provides that she receives an average of $407.97 per month in deposits to her prison account. Plaintiff also states that she has $200.00 in her prison lockbox and has no person dependent on her for support. The court finds that Plaintiff has sufficient income and assets to pre-pay the costs and fees of this action, and that Plaintiff is therefore ineligible to proceed *in forma pauperis.*

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Docket No. 1) be **DENIED**, that Plaintiff be required to pay the filing fee of $350.00 and the administrative fee of $50.00, and that failure to do so within the time set by the district judge should result in dismissal of this action.

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.

DATED: April 28, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge